UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SIFREDO SOLA and all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| CLEANNET USA, INC., | ) ) |
| Defendant. | ) ) ) ) |

CIVIL ACTION
NO. __-_____

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant, CleanNet USA, Inc. ("CleanNet USA" or "Defendant"), by its attorneys, hereby removes this action from the Suffolk Superior Court, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts. Defendant respectfully submits that this Court has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), codified in relevant part at 28 U.S.C. §§ 1332(d) and 1453, because (1) it is a class action in which the putative class exceeds 100 members, (2) there is diversity between at least one plaintiff and one defendant, and (3) the amount in controversy exceeds $5 million, exclusive of interest and costs. Removal of this action to the United States District Court for the District of Massachusetts is proper under 28 U.S.C. § 1441(a) because this Court embraces the courts of the Commonwealth of Massachusetts, including the court in which this action is now pending. Defendant has also met all procedural requirements for removal under 28 U.S.C. § 1446. Defendant states the following as grounds for removal:

**A.    Relevant Procedural History.**

1.    On March 31, 2011, the plaintiff, Sifredo Sola ("Sola" or "Plaintiff"), a Massachusetts resident, commenced an action in the Suffolk Superior Court, Commonwealth of

Massachusetts, Case No. 2011-1267-BLS, against CleanNet of New England, Inc. ("CleanNet New England"), a Massachusetts corporation with a principal place of business in Stoneham, Massachusetts, and CleanNet USA, which, at the time, was a Maryland corporation with a principal place of business in Columbia, Maryland.[1]  Sola alleged that he and members of a putative class of similarly situated individuals were improperly classified by CleanNet New England and CleanNet USA as independent contractors instead of employees and, as a result, were deprived of the protections of Massachusetts wage laws and of various benefits of employment.  Sola made various other claims under Massachusetts law arising out of the alleged misclassification, including that CleanNet New England and CleanNet USA had engaged in unfair and deceptive practices in violation of Massachusetts General Law Ch. 93A.

2. On December 6, 2011, Sola filed an Amended Complaint, eliminating CleanNet New England as a defendant and adding as a defendant Paul Oliveira, a Massachusetts resident.  The Amended Complaint raised the same substantive allegations as those raised in the Complaint.

3. On March 9, 2012, Sola filed and served upon CleanNet USA a Notice of Dismissal voluntarily dismissing all claims alleged against Paul Oliveira (the "Oliveira Dismissal"), leaving CleanNet USA as the sole defendant in the case.

**B.     This Class Action is Removable Under the Class Action Fairness Act.**

4. This Court has original jurisdiction over this action under CAFA, 28 U.S.C. § 1332(d), because: (1) the putative class consists of at least 100 proposed class members, (2) there is diversity between at least one plaintiff and one defendant, and (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

---

[1] CleanNet USA is currently a Virginia corporation with a principal place of business in McLean, Virginia.  *See* discussion at ¶ 10.

### The Putative Class Consists of More than 100 Members.

5. To satisfy the requirements for removal under CAFA, the number of class members in the putative class must exceed 100. 28 U.S.C. 1332(d)(5)(B).

6. Sola purports to bring this action pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure on behalf of himself and all others similarly situated, and alleges that the proposed class includes himself and "all other individuals who have performed cleaning services for CleanNet in Massachusetts and have been subjected to the legal violations in this complaint." Am. Compl. ¶ 6. Sola further describes the putative class as parties to franchise agreements with CleanNet New England. *See* Am. Compl. ¶¶ 9-10, 13. 153 individuals are currently parties to franchise agreements in Massachusetts with CleanNet New England, and since the beginning of 2004, 369 individuals have entered into franchise agreements in Massachusetts with CleanNet New England.

7. Thus, because the number of class members in the putative class is at least 369, CAFA's requirement that the class exceed 100 members is easily met. *See* 28 U.S.C. 1332(d)(5)(B).

### CAFA's Diversity of Citizenship Requirement Is Satisfied.

8. Removal of an action is proper under CAFA where there is diversity of citizenship between at least one plaintiff and one defendant. 28 U.S.C. § 1332 (d)(2)(A).

9. The Amended Complaint alleges that Sola is a resident of East Boston, Massachusetts. Am. Compl. ¶ 5. Thus, for purposes of diversity jurisdiction, Sola is a citizen of Massachusetts.

10. A corporation is deemed a citizen of the state in which it is incorporated and of the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). CleanNet USA is a Virginia corporation with a principal place of business in McLean, Virginia. CleanNet USA was incorporated as a Maryland corporation on November 13, 1987. At the time of the filing of the Complaint and up to February 23, 2012, CleanNet USA's principal place of business was 9861 Broken Land Parkway, Suite 208, Columbia, Maryland 21046. On February 24, 2012,

CleanNet USA was reincorporated as a Virginia corporation. Its principal place of business since that date has been and is 2010 Corporate Ridge, Suite 700, McLean, Virginia 22102. CleanNet USA's only other office for the transaction of business as of the date of this filing is 9861 Broken Land Parkway, Suite 208, Columbia, Maryland 21046. CleanNet USA does not maintain an office in Massachusetts and has no employees in Massachusetts. Accordingly, for purposes of this Notice of Removal, CleanNet USA is a citizen of Virginia.

11. Thus, because Sola is a citizen of Massachusetts and CleanNet USA is a citizen of Virginia, CAFA's diversity of citizenship requirement is satisfied. *See* 28 U.S.C. § 1332 (d)(2)(A).

### CAFA's Amount in Controversy Requirement is Satisfied.

12. To be removed under CAFA, the amount in controversy must exceed the sum or value of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). The claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(6). The amount in controversy requirement is satisfied where a defendant shows a "reasonable probability" that the aggregate claims will exceed $5 million. Manson v. GMAC Mortgage, LLC, 602 F. Supp. 2d 289, 293 (D. Mass. 2009).

13. The putative class includes Sola and "all other individuals who have performed cleaning services for CleanNet in Massachusetts" as parties to franchise agreements with CleanNet New England. Am. Compl. ¶¶ 6, 9-10, 13. Among the damages Sola seeks to recover for himself and on behalf of the class are statutory treble damages for claims arising out of CleanNet USA's alleged unfair and deceptive business practices in violation of Massachusetts General Law Chapter 93A. Sola alleges, in part, that CleanNet USA engaged in unfair and deceptive practices by improperly inducing class members to purchase cleaning franchises (Am. Compl. ¶¶ 9-10, 13-28), and by improperly requiring class members to purchase general liability and workers' compensation insurance for the benefit and profit of CleanNet USA (Am. Compl. ¶¶ 29-30). Sola seeks, for himself and on behalf of the proposed class, recovery of the amounts

paid.  The aggregate of initial franchise fees and fees for franchise upgrades charged by CleanNet New England to individuals with franchise agreements in Massachusetts from April 2008 through March 2011 (exclusive of any payments on promissory notes executed to finance the franchise purchases) totals approximately $880,859.00.  Three times this amount is an aggregate of $2,642,557.00.  The aggregate of fees related to CleanNet of New England's insurance program charged by CleanNet New England to individuals with franchise agreements in Massachusetts from April 2008 through 2011 totals approximately $1,285,938.00.  Three times this amount is an aggregate of $3,857,814.00.  These numbers alone, which consider only a portion of the damages Sola and the putative class members seek, easily exceed the $5 million threshold.

14. Thus, while CleanNet USA denies each of Sola's allegations and denies that Sola or the class he purports to represent are entitled to any monetary recovery, the amount in controversy, taken in the aggregate, exceeds the CAFA amount in controversy requirements of 28 U.S.C. §§ 1332(d)(2) and (6).

C. **Procedural Compliance.**

15. This Notice of Removal is timely under 28 U.S.C. §§ 1446(b) and 1453(b) because it is filed within 30 days after CleanNet USA's receipt, on March 9, 2012, of the Oliveira Dismissal, from which was first ascertainable that the case is one which has become removable.[2]

---

[2] This action was not removable prior to CleanNet USA's receipt of the Oliveira Dismissal. Pursuant to 28 U.S.C. § 1332(d)(4)(A), a district court *is required* to decline to exercise diversity jurisdiction over a class action meeting all of the following conditions:

(1) Greater than 2/3 of the proposed class in the aggregate are citizens of the state in which the action was filed;

(2) At least one defendant, from whom significant relief is sought, and whose alleged conduct forms a significant basis for claims asserted by the class, is a citizen of the state in which the action was originally filed;

(3) Principal injuries resulting from the alleged conduct or related conduct of each defendant were incurred in the state in which the action was originally filed;

(Footnote Continued on Next Page.)

16. Assignment to this Court is proper because this Court embraces the courts of the Commonwealth of Massachusetts, and this action is being removed from a Massachusetts Superior Court. *See* 28 U.S.C. § 1441(a).

17. Pursuant to 28 U.S.C. § 1446(a), attached hereto as <u>Exhibit A</u> are copies of all of the process, pleadings and orders served upon CleanNet USA in this action.

18. Pursuant to 28 U.S.C. 1446(d) CleanNet USA will promptly provide written notice of the removal of this action to Plaintiff, through his attorney of record, and to the Superior Court for the County of Suffolk, Commonwealth of Massachusetts.

19. Pursuant to 28 U.S.C. § 1447 and Local Rule 81.1, CleanNet USA shall request from the Clerk of the Suffolk Superior Court, Commonwealth of Massachusetts, certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court and shall file the same within 28 days of the filing of this Notice.

---

(Footnote Continued from Previous Page.)

> (4) No class action asserting the same or similar allegations on behalf of the same or other persons has been filed against any of the defendants during the three-year period preceding the filing of the class action at issue.

28 U.S.C. § 1332(d)(4)(A). Each of these qualifications was satisfied when Sola filed his original Complaint, and therefore the action was not at that time removable under CAFA. First, Sola alleged that more than 2/3 of the class consisted of citizens of Massachusetts. Compl. ¶ 6. Second, the allegations and claims for relief were made against CleanNet New England, a citizen of Massachusetts. *See, e.g. id.*, Counts I-VI (brought against both CleanNet New England and CleanNet USA). Third, Sola alleged that the putative class members' injuries were incurred in Massachusetts and under Massachusetts law. *See, e.g., id.*, ¶¶ 5, 6, 56 and Counts I-VI. Finally, no similar class action had been filed against CleanNet New England or CleanNet USA during the prior three years.

Nor did this action become removable when Sola filed his Amended Complaint on December 6, 2011, as Sola simply substituted one Massachusetts defendant, CleanNet New England, for another, Paul Oliveira, and then made the same claims against Oliveira that he had previously made against CleanNet New England. *See* Am. Compl. ¶ 6 (alleging that 2/3 of the class consists of citizens of Massachusetts); Am Compl. Counts I-VII (brought against both CleanNet USA and Oliveira); Am. Compl. ¶¶ 5, 6, 60 and Counts I-VII (alleging injuries injured in Massachusetts and under Massachusetts law).

Removal of this action only became proper when, on March 9, 2012, CleanNet USA received a copy of the Oliveira Dismissal, as it was only at this point (with CleanNet USA, a citizen of Virginia, as the sole remaining defendant) that the requirements of 28 U.S.C. § 1332(d)(4)(A) no longer mandated that this Court decline to exercise jurisdiction under CAFA.

- 7 -

20. By filing this Notice of Removal, CleanNet USA does not waive any defense that may be available to it and does not concede that the allegations in the Amended Complaint state any valid claims.

WHEREFORE, the defendant, CleanNet USA, Inc., prays that the action now pending in the Suffolk Superior Court, Commonwealth of Massachusetts, be removed to this Court.

Dated:  March 30, 2012

**CLEANNET USA, INC.,**

By its attorneys,

*/s/ Jenny K. Cooper*
Louis A. Rodriques, BBO #424720
louis.rodriques@bingham.com
Jenny K. Cooper, BBO #646860
jenny.cooper@bingham.com
Carolyn B. French, BBO #672923
carolyn.french@bingham.com
**BINGHAM MCCUTCHEN LLP**
One Federal Street
Boston, MA  02110-1726
617.951.8000

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will also be sent to those indicated as non-registered participants.

*/s/ Jenny K. Cooper*
Jenny K. Cooper

A/74834676.4/3322624-0000359377