UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SIFREDO SOLA, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CLEANNET USA, INC.<br><br>Defendant. | Civil Action No.<br>12-10580 |

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING FINAL JUDGMENT**

This matter came on for hearing upon the Court's Order of October 17, 2013 ("Preliminary Approval Order") following Plaintiffs' Assented-to Motion for Preliminary Approval of Class Action Settlement. Due and adequate notice having been given to the Settlement Class, and the Court having considered all papers filed and proceedings had herein, and having reviewed the record in the above captioned matter, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement of Class Action And Assignment of Claims ("Settlement Agreement"), and all capitalized terms herein shall have the same meanings as set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the above-captioned matter and over the Class Representative, the Settlement Class, and CleanNet.

3. The Court grants final approval of the parties' Settlement Agreement.

4. The Court finds that distribution by first-class mail of the Notice of Proposed Class Action Settlement and Claim Form constituted the best notice practicable under the circumstances to all persons within the definition of the Settlement Class and fully met the requirements of Fed. R. Civ. P. 23, due process, and any other applicable law. Based on the

A/75845083.3

materials submitted in conjunction with the Final Approval Hearing, the actual notice to the Settlement Class was adequate. These papers informed the Settlement Class members of the terms of the Settlement, their right to claim a share of the settlement proceeds, their right to object to or opt out of the Settlement Agreement, and their right to appear in person or by counsel at the Final Approval Hearing. Adequate periods of time were provided by each of these procedures.

5. The Court finds that, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, CleanNet provided notice of this Settlement to the Attorney General of the United States and the Attorneys General of each state where a member of the Settlement Class resides. The Court further finds that this notice was valid and satisfied the requirements of 28 U.S.C. § 1715. Any attempt by any Settlement Class member to void or avoid the terms of the Settlement based on an argument that CleanNet failed to provide the notice required by CAFA is therefore barred.

6. The Court finds, for purposes of settlement only, that the Settlement Class satisfies the applicable standards for certification under Fed. R. Civ. P. 23(a) and 23(b)(3). Accordingly, solely for purposes of effectuating this settlement, this Court FINALLY CERTIFIES the following class:

> All persons who, during the Class Period, made payments to LP&D, Inc., d/b/a "CleanNet of New England" for purposes of purchasing a franchise, for making payments on a promissory note used to finance the purchase of a franchise, or for insurance for the franchise.

Excluded from the Settlement Class are those persons who timely and validly opted out of the Settlement Class.

7. The named plaintiff, Sifredo Sola, is an adequate class representative of the Settlement Class, and the Court therefore hereby appoints the named plaintiff as the representative of the Settlement Class.

8. As required by Fed. R. Civ. P. 23(g), the Court has considered: (i) the work Class Counsel has done in identifying or investigating potential claims in this action; (ii) Class

Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this action; (iii) Class Counsel's knowledge of the applicable law; and (iv) the resources Class Counsel has committed to representing the Settlement Class. Based on these factors, the Court finds that Class Counsel has and will continue to fairly and adequately represent the interests of the Settlement Class. Accordingly, the Court appoints Lichten & Liss-Riordan, P.C. as Class Counsel with respect to the Settlement Class in this action.

9. The Settlement Agreement was entered into in good faith, at arm's length, and without collusion. The Settlement Agreement was the result of intensive arm's-length negotiations among highly experienced counsel, with full knowledge of the risks inherent in this litigation.

10. The Court approves the settlement of the above-captioned action, and each of the assignments and other terms set forth in the Settlement Agreement, as fair, just, reasonable and adequate to the Settlement Class, the Class Representative, and CleanNet (collectively, the "Settling Parties"). The Settling Parties and their counsel are directed to perform in accordance with the terms set forth in the Settlement Agreement.

11. All of the claims in the above-captioned matter are dismissed. Except as to any individual claim of those persons (identified in Attachment A hereto, if any) who have validly and timely requested exclusion from the Settlement Class, all of the claims asserted in the above-captioned matter, to the extent not assigned as provided in the next paragraph, are dismissed with prejudice as to the Class Representative and the Settlement Class members. The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Agreement and this Order.

12. By this Order and Judgment, the Class Representative, and each Settlement Class member who has not validly and timely requested exclusion from the Settlement Agreement by opting out ("Participating Class Member"), and each of the Class Representative's and Participating Class Members' respective heirs, spouses, executors, administrators, successors, assigns, employees, agents, representatives, and any and all other persons or entities acting under

A/75845083.3

the supervision, direction, control or on behalf of any of the foregoing shall be deemed to have, and by operation of the Judgment upon the Effective Date assigned to CleanNet all Specified Claims that any of the Class Representative Assignor and Participating Class Members may have. The term "Specified Claims" means any and all that the Class Representative, a Participating Class Member or another Settlement Class Member (than another Settlement Class member who validly and timely requested exclusion from the Settlement Agreement by opting out) may have against CleanNet, LP&D, Inc., Paul Oliveira, Lisa Oliveira, EcoSource, LLC, or any present or future shareholders, members, partners, directors, officers, affiliates, agents, representatives, and employees of any of CleanNet, LP&D, Inc., and EcoSource LLC, in each case relating to the activities of CleanNet or LP&D, Inc. and, in the case of EcoSource LLC, relating to its purchase of assets from LP&D, Inc. The Specified Claims include those made in *Sola et al v. CleanNet USA, Inc.*, C.A. No. 12-10580, as well as a related arbitration case, *DaSilva et al. v. CleanNet USA, Inc. et al*, AAA Case No. 11 1114 001777 08, alleging misclassification of franchisees as independent contractors under Mass. Gen. L. c. 149 § 148B, violations of the Massachusetts Wage Act, Mass Gen. L. c. 149 § 148, and requirements for franchisees to pay franchise fees and other costs that employees cannot to be required to pay. The Specified Claims also include claims of the franchisees for unfair and deceptive practices in violation of Mass. Gen. L. c. 93A and related common law claims and, in the case of Specified Claims against EcoSource, LLC, fraudulent transfer and successor liability claims.

13. By this Order and Judgment, Class Counsel shall be deemed to have, and by operation of the Judgment upon the Effective Date shall have finally, fully and forever released and discharged CleanNet from any claims, causes of action, demands, rights, and liabilities of every nature and description for attorneys' fees, costs, and expenses arising from or related to the above-captioned action (the "Class Counsel Released Claims").

14. Neither the Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement: (i) is or may be deemed or used as an admission of, or evidence of, the validity of any Specified Claim (or other claim dismissed by

this Order or Judgment) or Class Representatives' Released Claim, any wrongdoing or liability of CleanNet or any present or future shareholders, members, partners, directors, officers, affiliates, agents, representatives, and employees of CleanNet, or whether class or collective action certification is warranted in any other litigation; or (ii) is or may be deemed or used as an admission of, or evidence of, any fault or omission of CleanNet or any present or future shareholders, members, partners, directors, officers, affiliates, agents, representatives, and employees of CleanNet in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. CleanNet may file the Judgment from the above-captioned matter in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. This action is dismissed on the merits and with prejudice, permanently barring the Class Representative or Settlement Class members (other than those who timely and validly opted out) from prosecuting any of the Specified Claims, and Class Counsel from prosecuting any of the Class Counsel's Released Claims. Notwithstanding such dismissal, CleanNet may pursue any of the Specified Claims assigned to it for CleanNet's own account, free from any such injunction and without prejudice.

16. The Court finds that the plan of allocation set forth in the Settlement Agreement is fair and reasonable and that distribution of the Class Settlement Fund shall be done in accordance with the terms outlined in the Settlement Agreement.

17. There shall be paid from the Class Settlement Fund: (i) Class Counsel's reasonable attorneys' fees and costs in this matter; (ii) the costs incurred by Class Counsel or its designated Settlement Administrator in administering the settlement; and (iii) an enhancement to each Class Representative to compensate them for their unique services. The Court finds that these payments are fair and reasonable. Accordingly, the Court hereby awards to Class Counsel $2,500,000 for attorneys' fees and costs as of the dates of disbursement.

A/75845083.3

18. The Court hereby approves payment of an enhancement award not to exceed $25,000 to Sifredo Sola and payment of enhancement awards not to exceed $25,000 each to Wagner Teodor da Silva, Euler Sayao de Brito, and Rosanna Valverde, to compensate them for their unique services in initiating and maintaining this litigation and the related arbitration.

19. The foregoing payments shall be made to Class Counsel and the Class Representatives from the Class Settlement Fund in accordance with the terms of the Settlement Agreement.

20. This matter is hereby dismissed on the merits with prejudice except that CleanNet may pursue any of the Specified Claims assigned to it for its own account and without prejudice. In addition, should the parties or the Court receive any response to a CAFA Notice from any state or federal officials within the 90 days after it has been mailed, this matter shall be reopened to address any such response, and Paragraph 8 of the Settlement Agreement shall apply. If no response is received to a CAFA Notice within 90 days after it has been mailed, then this dismissal will remain final. Without affecting the finality of this Order and Judgment in any way, the Court reserves and retains exclusive and continuing jurisdiction over the above-captioned matter, the Class Representative, the Settlement Class, and CleanNet for the purposes of (i) implementation of the Settlement Agreement and this Order and Judgment including the right of CleanNet to pursue any of the Specified Claims assigned to it for its own account and without prejudice; (ii) distribution of the Class Settlement Fund; and (iii) all other proceedings related to the implementation and enforcement of the terms of the Settlement Agreement. The Court does not otherwise reserve or retain exclusive and continuing jurisdiction over any other action that CleanNet may take to pursue any of the Specified Claims assigned to it.

21. This document shall constitute a judgment for purposes of Fed. R. Civ. P. 58.

IT IS SO ORDERED.

Dated: 11/26/2013

The Honorable Joseph Tauro
United States District Court